J-A23036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF ROBERT J. ROSEMEIER, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: LORRIEANN P. ROSEMEIER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1502 MDA 2021 |

Appeal from the Order Entered October 25, 2021
In the Court of Common Pleas of Clinton County Orphans' Court at
No(s):  2019-00204

BEFORE:   BOWES, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

CONCURRING MEMORANDUM BY BOWES, J.:        **FILED JULY 18, 2023**

I join the Majority's holding to reverse the orphans' court's order to the extent it denied Appellant's request to remove Poorman as the Estate's personal representative.  However, while I also agree with the Majority's decision to affirm the part of the orphans' court order denying Appellant's appeal from the decree admitting the 2015 Will to probate, I disagree with its unnecessary determination that the collateral benefits doctrine applies in this case.  Accordingly, I respectfully concur.

The esteemed Majority set forth in detail the factual and procedural history of this case, and I therefore need not repeat it at length here.  ***See*** Majority Memorandum at 2-15.  It is sufficient to reiterate that in her first two issues, Appellant argues that the 2015 Will should be invalidated based on

_____

[*] Former Justice specially assigned to the Superior Court.

allegations that Poorman exerted undue influence over Decedent. In holding that the 2015 Will should not be set aside, the orphans' court conducted a threshold analysis pursuant to *Estate of Clark*, 334 A.2d 628 (Pa. 1975), to determine if Appellant demonstrated a *prima facie* case of undue influence. *See* Orphans' Court Opinion, 10/25/21, at unnumbered 13-16. Specifically, the court considered and found that Appellant sufficiently proved all three required factors; namely, that (1) Poorman was in a confidential relationship with Decedent; (2) Poorman received a substantial benefit under the 2015 Will; and (3) Decedent had a weakened intellect at or around the time the 2015 Will was executed. *Id*. The court nonetheless held that Poorman refuted the charge of undue influence by clear and convincing evidence, and thus denied Appellant's challenge to the 2015 Will. *Id*. at 16-17. This determination was based on the substantial, credible testimony from Poorman, Jodun, and Hartman, all of whom testified that Decedent expressly wished to disinherit his son, daughter-in-law, granddaughter, and Appellant. *Id*.

Critically, Appellant does **not** challenge the orphans' court's holding that she proved a *prima facie* case of undue influence. Indeed, she expressly contends that the court "correctly found" that she did. Appellant's brief at 19. Consequently, there is no reason for this Court to examine any of the threshold factors articulated in *Estate of Clark*, including whether Poorman received a substantial benefit under the 2015 Will. Nonetheless, the Majority spends considerable effort in discussing and ruling upon the nature and extent of the

benefit Poorman received. Specifically, citing *In re Estate of LeVin*, 615 A.2d 38 (Pa.Super. 1992), the Majority explicitly finds that under the facts herein, the "free and complete power of discretion" afforded to Poorman amounts to a collateral benefit. *See* Majority Memorandum at 20. Since this issue is not before us, the "collateral benefits" discussion is unnecessary.

Not only do I take issue with the Majority's discussion and application of *Estate of LeVin* because it is superfluous, but I also believe it to be substantively unsound, as the facts in *Estate of LeVin* are distinguishable from those of the instant matter. That case involved a will contest concerning whether the executor and trustee appointed pursuant to the will, Meridian Bank & Trust Company ("Meridian"), received a substantial benefit under the will's terms. The orphans' court granted nonsuit in favor of Meridian, finding that the challengers failed as a matter of law to prove that Meridian received a substantial benefit under the contested will. *See Estate of LeVin*, *supra* at 40.

On appeal, we reversed, finding there was sufficient evidence showing Meridian received a substantial benefit under the "collateral benefits" doctrine. Following a discussion of the doctrine and review of several decisions from our sister jurisdictions, we stated that "the will . . . vests Meridian with extensive powers over the distribution and continuation of the trust in perpetuity which smacks of undue influence." *Id*. at 43. We noted in particular that Meridian had the power to invest the decedent's property without restriction. *See id*. This included "purchasing common stock (up to 100%) in Meridian-titled

investment entities . . . and to do all other acts in its judgment necessary or desirable for the proper management, investment and distribution of testatrix's property." *Id*. (internal citations omitted). Further, Meridian "was authorized, without court order, to revise the terms of the trust, if such action would best serve testatrix's purpose." *Id*. (cleaned up). Lastly, the trustee had the "absolute discretion" to determine when and if the trust became "impracticable to administer," which would allow the trustee to distribute the principal to organizations entitled to the income without a formal court accounting. *See id*. Based on the powers granted above, coupled with the ability to receive fees, we determined that Meridian was endowed with "collateral benefits bringing it within the sphere of a substantial beneficiary." *Id*. at 44 (cleaned up).

By contrast, in the matter *sub judice*, Poorman, as a trustee, is not expressly permitted to purchase stock in entities in which he holds an ownership interest. Rather, the Limited Power of Appointment directs Poorman to pay the trust estate only to any charitable organizations that he deems appropriate. *See* Last Will and Testament of Robert J. Rosemeier, 10/28/2015, at 2-3. Additionally, the 2015 Will does not authorize Poorman to revise the terms of the trust on his own accord, nor does it permit him to ascertain at his sole discretion that the trust is impracticable to administer,

allowing him to distribute funds without a formal court accounting.[1] Simply put, Poorman does not have the identical unfettered authority as the trustee did in *Estate of LeVin*. Hence, I find the Majority's reliance on *LeVin* to be unwarranted.

Appellant's challenge in this appeal is to the finding of the orphans' court that Poorman proved the absence of undue influence by clear and convincing evidence. *See* Appellant's brief at 19. The Majority thoroughly and cogently analyzed the arguments of the parties concerning this issue. *See* Majority Memorandum at 16-23. I wholly agree with this component of the Majority's analysis, as well as its resolution of Appellant's other issues, and join in affirming the orphans' court decision as to the 2015 Will on that basis.

In conclusion, I agree with the Majority's ultimate holdings, but do not join in its finding that Poorman received a substantial benefit under the 2015 Will pursuant to the collateral benefits rule. That question is not before us, and as such, I similarly would not rely on *Estate of LeVin* to support that conclusion. Accordingly, I respectfully concur.

---

[1] I also note that the orphans' court did not expressly make its ruling under the paradigm of the collateral benefits rule and, accordingly, there may be other salient facts supporting or negating a finding of collateral benefits that are not properly before us.